IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> AZTECA POWER CONSTRUCTION, INC., <br><br> Defendant. | Case No. 14 C 9479 <br><br> Judge Elaine E. Bucklo |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against Defendant, Azteca Power Construction, Inc. ("Azteca"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiffs by and through their attorneys state the following:

1. On November 25, 2014, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331, alleging that at all material times the Defendant has an obligation, arising from a collective bargaining agreement to make contributions to the Funds, to submit to an audit upon

1

demand and to obtain and maintain a surety bond (See, Dk. 1, Exh. A, CBA). In its Complaint, Plaintiffs specifically alleged that the Defendant failed to report and pay contributions from November 1, 2011 through December 31, 2013, as reflected in an audit report (See, Dk. 1, Exh. B, Audit Report) and from January 1, 2014 to the present. Plaintiffs requested relief included producing books and records for an audit, covering the unaudited period from January 1, 2014 to the present (See Dk. 1, Complaint).

2. On May 15, 2015, service was effectuated through the Secretary of State, after the corporation's registered agent and president, Norma Maciel, could not be located with reasonable diligence at the registered office of record in Illinois, and the Illinois Secretary of State reported Azteca as an involuntarily dissolved corporation, on January 10, 2015 (See, Dk. 10, Summons Returned Executed).

3. Defendant failed to Answer or otherwise plead, and is in default.

4. As established by the Funds' Field Department Representative, Michael Christopher, the Funds' auditors reviewed Defendant's books and records, reflecting contributions were due to the Funds for the period covering November 1, 2011 through December 31, 2013. On September 19, 2014 a letter and a copy of the auditors' report was sent to the Defendant by regular mail and to the home address of its registered agent and president with a deadline for presenting any objections to the audit report. The Defendant failed to respond and this action was subsequently filed. The auditors' report dated September 17, 2014, reflects principal contributions owed to the Welfare, Pension, Training, CAICA, LECET, LMCC funds, and for Union dues in the total amount of $620,809.81, and accumulated liquidated damages and dues penalties in the amount of $15,632.49 (See, Christopher Affidavit, Exh. A, ¶¶4-6; Audit Report, Dk. 1, Exh. B).

5. According to the Collective Bargaining Agreement and the respective Trust Agreements to which the Defendant is bound, payment is also owed for liquidated damages in the amount of 20% of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% of the principal amount of delinquent contributions to the CAICA, LECET, LMCC funds and for Union dues. Interest is also calculated at 12% and is owed for all delinquencies. As established by Mr. Christopher's affidavit, the liquidated damages owed pursuant to the audit to the Welfare, Pension and Training funds amount to $117,411.05, and the liquidated damages to the CAICA, LECET, LMCC funds and for Union dues amount to $3,375.45. The interest due is $42,605.16 (Christopher Affidavit, Exh. A, at ¶7). These amounts are detailed in the summary report prepared by Mr. Christopher in this matter (See, Exh. B, Report).

6. The cost of the audit billed to the Funds was $6,778.25, which Defendants are also obligated to pay, based on the respective Trust Agreements to which they are bound. (Christopher Affidavit, Exh. A, ¶9; Audit, Dk. 1, Exh. B).

7. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $4,466.00 and $615.00 in costs, consisting of service of process and filing fees (Christopher Affidavit, Exh. A, at ¶9; Schumann Affidavit, Exh. C; Fee Report, Exh. C1).

**WHEREFORE,** Plaintiffs request entry of judgment against Defendant, Azteca Power Construction, Inc., requesting that the Court order judgment in a total amount of $811,693.14 to be entered. Plaintiffs further request the Court's order specify that should Defendant resume operating it is required to provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara

S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606, and must report the hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement.

Respectfully submitted,

/s/ Sara S. Schumann
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

October 2, 2015